1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                   AT TACOMA

10    TAN HOANG BUI,

11                       Petitioner,                    CASE NO. 2:25-cv-02268-TMC-GJL

              v.
12                                                      ORDER SETTING BRIEFING
      BRUCE SCOTT, *et al.*,                            SCHEDULE AND GIVING
13                                                      NOTICE OF RIGHT TO CONSENT
                         Respondents.
14

15           Petitioner Tan Hoang Bui, by counsel, has filed a 28 U.S.C. § 2241 Petition for writ of

16    habeas corpus. Dkt. 1. The filing fee has been paid. *Id*. Petitioner seeks release from the

17    Northwest Immigration and Customs Enforcement Processing Center ("NWIPC"), arguing that

18    removal to Vietnam is not reasonably foreseeable and that his continued detention is therefore in

19    violation of *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Dkt. 1 at 3.

20           Courts have discretion in setting the briefing schedule for a § 2241 habeas petition and

21    consider the individual circumstances of each case when determining appropriate deadlines. *See*

22

23

24

1    *Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985).

2         Petitioner alleges the following sequence of events related to his Petition. On September

3    15, 1983, Petitioner entered the United States at the age of nine (9) as a refugee from Vietnam,

4    and adjusted to Lawful Permanent Resident ("LPR") status on March 14, 1988. Dkt. 1 at 5. In

5    1996, Petitioner was convicted in Orange County, California, of Voluntary Manslaughter and

6    sentenced to a four (4) term of imprisonment. *Id*. at 6. After completing his sentence, on July 7,

7    2000, the Immigration and Naturalization Service ("INS") detained him and charged him as

8    removable for having an "aggravated felony." *Id*. On October 6, 2000, an Immigration Judge

9    ("IJ") ordered Petitioner removed to Vietnam and denied his applications for withholding of

10   removal and protection under the Convention Against Torture. *Id*. However, Vietnam did not

11   issue Petitioner a travel document. *Id*. After seeking habeas relief in the Central District of

12   California, Petitioner was placed on an Order of Supervision on July 10, 2001. *Id*. At that time he

13   was released from federal custody to begin supervised release. *Id*. Petitioner complied with his

14   supervision requirements for twenty-four (24) years, with his latest routine check-in with

15   Immigration and Customs Enforcement ("ICE") occurring on June 4, 2025, in Portland, Oregon.

16   *Id*. at 7. At that check-in he was given a next report date of June 3, 2026. *Id*. However, on

17   October 28, 2025, while driving in Oregon, Petitioner and his wife were intercepted and

18   Petitioner was arrested and detained by ICE. *Id*. Petitioner has been in ICE detention since that

19   time. *Id*.

20        Given Petitioner's prolonged residence in the United States, coupled with ICE's apparent

21   inability to obtain travel documents from Vietnam, as well as Vietnam's lack of agreement to

22   accept him (Dkt. 1 at 8–10), the Court concludes that expedited briefing is warranted. *See, e.g.*,

23   *Ledesma Gonzalez v. Bostock*, 2:25-cv-01404-JNW-GJL, 2025 WL 2841574, at *8 (W.D. Wash.

24

Oct. 7, 2025) (finding the government's interest in re-detaining previously released non-citizens without a hearing is low); *Kumar v. Wamsley*, No. 2:25-cv-01772-JHC-BAT, 2025 WL 2677089, at *3 (W.D. Wash. Sept. 17, 2025) (recognizing a strong liberty interest in non-citizens previously released from ICE custody); *Ramirez Tesara v. Wamsley*, No. 2:25-cv-01723-MJP-TLF, 2025 WL 2637663, at *3 (W.D. Wash. Sept. 12, 2025) (emphasizing that re-detention implicates due process rights).

Accordingly, the Court hereby **ORDERS**:

1.      **Service**. If not previously accomplished, electronic posting of this Order and Petitioner's Petition shall effect service upon the United States Attorney of the Petition and any supporting documents. Dkt. 1. Service upon the United States Attorney is deemed to be service upon the Respondents.

2.      On or before **November 26, 2025**, Respondents shall show cause why a writ of habeas corpus should not be granted by filing a return as provided in 28 U.S.C. § 2243. As a part of such return, Respondents shall address and submit evidence relevant to Petitioner's allegation that his detention is unlawful. Respondents shall file the return with the Clerk of Court and shall serve a copy upon Petitioner.

3.      Petitioner may file and serve a response no later than **December 1, 2025**. Respondents may file and serve a reply no later than **December 4, 2025**, and the Clerk shall note the matter as ready for the Court's consideration on **December 4, 2025**.

4.      The Clerk is directed to send copies of this Order to the parties and to the Honorable Tiffany M. Cartwright.

5.      The parties have a right to consent to the undersigned Magistrate Judge. Consent is voluntary. Counsel for the parties are directed to indicate whether they consent or decline

consent by no later than **November 26, 2025**, by emailing Deputy Kelly Miller at

kelly_miller@wawd.uscourts.gov. If the parties consent, the undersigned Magistrate Judge will

preside over the entire case through judgment. If the parties decline consent, the case will remain

assigned to District Judge Cartwright.

      Dated this 19th day of November, 2025.

Grady J. Leupold
United States Magistrate Judge