UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAN HOANG BUI,<br><br>               Petitioner,<br><br>   v.<br><br>BRUCE SCOTT, et al.,<br><br>               Respondents. | Case No. 2:25-cv-02268-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

       Petitioner Tan Hoang Bui is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. He petitions the Court under 28 U.S.C. § 2241 for relief from physical custody, arguing that his detention has become indefinite in violation of the Immigration and Nationality Act ("INA"). Dkt. 1. For the reasons stated below, the Court GRANTS the petition.

**I.     BACKGROUND**

       The Court previously discussed the facts of this case in detail and will not do so again here. Dkt. 12 at 1–6. In short, Petitioner is a 51-year-old national of Vietnam who arrived in the United States in 1983, obtained lawful permanent residency in 1988, and was then convicted of voluntary manslaughter in 1996 and ordered removed by an immigration judge ("IJ") after serving four years in prison. Dkt. 2-1 at 2–3, 82–86. Because Vietnam has historically refused to

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

repatriate Vietnamese immigrants who left after the Vietnam War, the United States was unable to remove Petitioner to Vietnam, and he was released on an order of supervision ("OSUP") on June 12, 2001. *Id*. at 88. Petitioner married, had two children, obtained his GED, and worked as an auto mechanic. *Id*. at 6–8, 48. Then, on October 28, 2025, Immigration and Customs Enforcement ("ICE") re-detained Petitioner in Portland, Oregon, and brought him to NWIPC. *Id*. at 48, Dkt. 2 at 4–5.

On November 13, 2025, Petitioner filed a petition for a writ of habeas corpus[1] and a motion for a temporary restraining order ("TRO"), arguing that his removal to Vietnam is not reasonably foreseeable and asking the Court to order his release from detention. Dkts. 1, 2. Petitioner argued that the government has historically been unable to remove Vietnamese immigrants who arrived in the U.S. before 1995, had not deported Petitioner for nearly 25 years, and had still not secured a travel document for Petitioner from Vietnam. Dkt. 1 ¶¶ 40–46, 81.

In support of its opposition to the TRO, the government submitted a declaration from Daniel Strzelczyk, the Deportation Officer at NWIPC who works for ICE's Office of Enforcement and Removal Operations ("ERO"). Dkt. 8 ¶ 1. In ruling on the TRO, the Court summarized Strzelcyk's declaration as follows:

---

[1] Petitioner's habeas petition originally sought injunctive relief restricting his removal to a third country in addition to release from custody. Dkt. 1 ¶¶ 83–85. This Court could provide equitable relief on those claims if Petitioner met the standard for a permanent injunction because he invoked this Court's federal question as well as habeas jurisdiction. Dkt. 1 ¶ 8; *see Roman v. Wolf*, 977 F.3d 935, 941–42 (9th Cir. 2020). But because Petitioner did not maintain this claim in his traverse, did not respond to Respondents' arguments that his fears of third-country removal are speculative, and has not explained why he faces an individual threat of third-country removal, the Court concludes he has not demonstrated a likelihood of irreparable injury that would entitle him to permanent injunctive relief. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (discussing standard for permanent injunctive relief); *cf. Aden v. Nielsen*, 409 F. Supp. 3d 998, 1001 (W.D. Wash. 2019) (considering due process claim after ICE began seeking travel documents for third-country removal); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 736–37 (W.D. Wash. 2025) (discussing evidence and argument supporting claimed threat of third-country removal).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

> Strzelczyk avers ERO detained Petitioner after it determined removal was likely "due to cooperation between the United States and Vietnam" and that "an oral OSUP revocation notice was given to Petitioner at the time he was taken into custody and the Petitioner refused to make any statement against it at that time." *Id*. ¶ 7. According to Strzelczyk, "[p]revious memoranda of understanding regarding removal of Vietnamese citizens based on their entry date is no longer in effect. The date of entry is no longer relevant regarding whether travel documents can be obtained from the government of Vietnam." *Id*. ¶ 8. Instead, "[t]he government of Vietnam has agreed to increase cooperation with the United States and generally seeks to issue travel documents within 30 days of a request being made" and "[s]ince February 2025, every travel document requested by DHS has been issued." *Id*. ¶¶ 9–10. Strzelczyk also notes that, as of September 11, 2025, there have been 569 removals of Vietnamese citizens to Vietnam in the fiscal year 2025. *Id*. ¶ 11.
>
> Finally, Strzelczyk claims that "if DHS or the alien has documentation of Vietnamese citizenship, a travel document will be issued without an interview" but for noncitizens without documentation of Vietnamese citizenship, "the Vietnamese government will conduct an interview." *Id*. ¶ 12. After a request for travel documents is made, the Vietnamese government typically takes 30 days to issue a travel document. *Id*. Strzelczyk does not say, however, whether he or anyone else has yet requested a travel document for Petitioner. *Id*.

Dkt. 12 at 5–6.

The Court denied Petitioner's TRO and request for immediate release, finding that the government had offered sufficient evidence to make it unclear whether Petitioner was likely to succeed on the merits. Dkt. 12 at 8–9. The Court noted that "[f]urther factual development would be helpful" to determine the merits of the habeas petition. Dkt. 12 at 8. Specifically, it was unclear whether Strzelczyk requested a travel document for Petitioner or had specific facts to corroborate his "cursory explanations of significant foreign policy developments," including that "previous memoranda of understanding regarding removal of Vietnamese citizens based on their entry date [are] no longer in effect." Dkt. 12 at 8–9 (quoting Dkt. 8 ¶ 8).

Respondents filed their return memorandum on November 26, 2025, largely relying on the same arguments they made in opposition to the TRO. Dkt. 13. Respondents noted that "counsel is actively working to obtain additional information, including information that this

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

Court noted would be helpful . . . counsel is working with ICE counsel to obtain relevant information and understand the documents in ICE's possession. If Federal Respondents have additional time, ICE will try its best to provide additional information. However, if this Court prefers to move forward with the record before it at this time, Federal Respondents rest on the legal arguments and facts previously provided in their briefing and declarations." Dkt. 13 at 2 (citing Dkts. 7, 8, 9). Petitioner filed a traverse on December 1, 2025. Dkt. 14.

On December 10, 2025, the Court ordered that—given Strzelczyk's statement that the Vietnamese government typically issues travel documents within 30 days of a request, Dkt. 8 ¶ 12—Respondents provide "supplemental evidence of efforts to secure Petitioner's travel documents by December 19, 2025." Dkt. 15. The Court noted it would "consider any such evidence in its ruling on the habeas petition." *Id*. On December 19, 2025, Respondents filed a status report stating only that "they have no further information concerning Petitioner's travel documents." Dkt. 17.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

The re-detention and revocation of supervised release of a noncitizen subject to a final order of removal is governed by 8 C.F.R. § 241.13(i). ICE may revoke a noncitizen's release (1) if they violate the conditions of their release or (2) if, "on account of changed circumstances," ICE determines there is a significant likelihood the noncitizen may be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(i)(1), (2).

In *Zadvydas v. Davis*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. 533 U.S. 678, 699 (2001). Applying the doctrine of constitutional avoidance, the Court explained that such an interpretation was necessary "to avoid a serious constitutional threat." *Id.* As the Court recognized, "[a] statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem [under] . . . [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* The Court concluded that, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

### III.  DISCUSSION

Petitioner is a noncitizen who has been present in the United States for 42 years. Dkt. 1 ¶ 1. He is entitled to the protections of the Due Process Clause. See *Zadvydas*, 533 U.S. at 693. Having been detained already for a cumulative ten months after an IJ ordered his removal, Dkt. 1 ¶ 4, Petitioner's continued detention is not "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. And Petitioner's evidence showing (1) the historically low number of removals to Vietnam for immigrants who arrived in the U.S. pre-1995, *see* Dkt. 1 ¶¶ 40–46; (2) the government's failure to deport him for 25 years, after it first requested travel documents in 2001, *see* Dkt. 8 ¶ 6; and (3) that the government likely detained him without securing a travel document from Vietnam, or even formally requesting one under the 2020 Memorandum of Understanding ("MOU") with Vietnam, *see* Dkt. 1 ¶ 81; Dkt. 8 ¶¶ 7–8, "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

The burden thus shifts to the government to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Despite having ample time to provide this evidence, the government has failed to do so.

In his declaration filed over a month ago, Strzelczyk averred that (1) the previous MOU regarding removal of Vietnamese citizens is no longer in effect, and the government of Vietnam now generally seeks to issue travel documents within 30 days of the request; (2) since February 2025, every travel document requested by DHS has been issued; (3) DHS has frequent charter flights to Vietnam; (4) as of September 11, 2025, there have been 569 removals of Vietnamese citizens to Vietnam in the fiscal year 2025; and (5) the Vietnamese government will issue travel documents without an interview to people who, like Petitioner, have documentation of their Vietnamese citizenship. Dkt. 8 ¶¶ 9–12; *see* Dkt. 1 ¶ 36 (noting that Petitioner has a birth certificate from Vietnam).

Considering the limited record, the Court found this evidence sufficient to preclude the "extraordinary remedy" of a TRO. Dkt. 12 at 6, 8–9 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). But the Court warned of the weaknesses in Respondents' evidence, including that many of the conclusory statements in Strzelczyk's declaration "would be far more persuasive if supported by more specific facts or corroborated with documentary evidence." Dkt. 12 at 9. Critically, although Strzelczyk stated that Vietnam "generally seeks to issue travel documents within 30 days of a request," he never confirmed whether he or anyone else had ever requested Petitioner's travel documents. Dkt. 8 ¶ 9.

On December 10, the Court ordered Respondents to provide any supplemental evidence regarding Petitioner's travel documents by December 19—31 days after Strzelczyk's declaration. Dkt. 15. Instead, Respondents filed a single-sentence update "inform[ing] the Court that they have no further information concerning Petitioner's travel documents." Dkt. 17.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 6

Respondents had over a month to address evidentiary deficiencies the Court noted when it denied Petitioner's TRO. Dkt. 12. Respondents provided nothing. Even after the Court's request on December 10, Respondents submitted no updates on their efforts to obtain Petitioner's travel documents. Dkts. 15, 17. The Court lacks insight on the status of any travel document request, any communications with the Vietnamese government, or any potential hurdles to obtaining Petitioner's travel documents. Even the most basic fact—whether anyone has requested Petitioner's travel documents from Vietnam—remains unclear, depriving Respondents' assertion that Vietnam "seeks to issue travel documents within 30 days of a request" of any usefulness. Dkt. 8 ¶ 9. Respondents also failed to support their sweeping assertions regarding removal to Vietnam generally, including that "previous memoranda" between the U.S. and Vietnamese governments are "no longer in effect." *Id*. ¶ 8. Considering these deficiencies, Respondents' evidence is not persuasive enough to rebut Petitioner's showing that his detention has become indefinite.

Because there is not a likelihood that Vietnam will accept Petitioner in the reasonably foreseeable future, his detention is no longer permitted by the INA as construed in *Zadvydas*. *See* 533 U.S. at 699–700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."). Petitioner's detention is unlawful and he must be released. *See Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *7 (E.D. Cal. July 16, 2025) (allowing release upon a finding that removal was not reasonably foreseeable). The Court therefore GRANTS the petition for writ of habeas corpus. Dkt. 1.

## IV.    CONCLUSION

For these reasons, the Court GRANTS the petition for writ of habeas corpus. Dkt. 1. Respondents and all their officers, agents, employees, attorneys, and persons acting on their

behalf or in concert with them are ORDERED to release Petitioner Tan Hoang Bui from custody, under the conditions of his most recent order of supervision, within ONE day of this Order.

Counsel for Respondents shall submit a status report to the Court by the end of the day on December 23, 2025 confirming Petitioner's release.

Dated this 22nd day of December, 2025.

Tiffany M. Cartwright
United States District Judge